[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 23, 2005
THOMAS K. KAHN
CLERK

No. 04-16338
Non-Argument Calendar
_____

D. C. Docket No. 04-00141-CR-ORL-28JGG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES ROCKET,
a.k.a. James Rockett,
a.k.a. James Rockett, III,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Middle District of Florida
_____

(June 23, 2005)

Before BIRCH, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

James Rocket appeals his 72-month sentence imposed pursuant to his plea of

guilty to possession of a firearm by a felon, in violation of 21 U.S.C. § 922(g)(1).

On appeal, Rocket argues that the district court committed reversible error under *Blakely v. Washington*, 542 U.S. \_\_\_, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 543 U.S. \_\_\_, 125 S. Ct. 738 (2005), by sentencing him under a mandatory Guidelines system.

Because Rocket preserved his *Booker* claim by raising it at sentencing, we review the challenge to his sentence *de novo*, but will vacate and remand only for harmful error. *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005). "A non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, or had but very slight effect. If one can say with fair assurance . . . that the sentence was not substantially swayed by the error, the sentence is due to be affirmed even though there was error." *United States v. Mathenia*, \_\_ F.3d \_\_ (11th Cir. May 23, 2005) (quotations, brackets, and citations omitted). Under harmless error review, the government bears the burden of showing that the error was harmless. *Id*.

We have explained that there are two types of *Booker* error – (1) the error of imposing a sentencing enhancement based on judicial findings that go beyond the facts admitted by the defendant or found by the jury, or "constitutional error," and (2) the non-constitutional error of being sentenced under a mandatory guidelines system, or "statutory error." *United States v. Shelton*, 400 F.3d 1325, 1330-31

2

(11th Cir. 2005). Because Rocket alleges only statutory error, we confine our discussion to that argument.

Due to the nature of the Supreme Court's *Booker* remedy, we have concluded that a district court errs whenever it sentences a defendant under a mandatory guidelines scheme. *Shelton*, 400 F.3d at 1330-31. Furthermore, the government has failed to meet its burden of proving that the error of sentencing Rocket under a mandatory guidelines scheme did not affect his substantial rights. Therefore, the district court's error was not harmless.

Upon review of the record and the parties' briefs, we vacate and remand for resentencing consistent with *Blakely* and *Booker*.

**VACATED and REMANDED**.